UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

PABCO CONSTRUCTION CORP.,

              Plaintiff,        12 Civ. 7713

   -against-                      OPINION

ALLEGHENY MILLWORK PBT and
GREAT AMERICAN INSURANCE CO.,

              Defendants.

------------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    ARTHUR J. SEMETIS, P.C.
    21 East 40th Street, 14th Floor
    New York, NY  10016
    By:  Constantine T. Tzifas, Esq.


    Attorneys for Defendants

    ECKERT, SEAMANS, CHERIN & MELLOTT, LLC
    10 Bank Street, Suite 700
    White Plains, NY  10606

**Sweet, D.J.**

Defendants Alleghany Millwork PBT ("Allegheny") and Great American Insurance Company ("GA") (collectively, "Defendants") have moved for an order either dismissing the complaint of plaintiff Pabco Construction Company ("Pabco" or "Plaintiff") or staying this action pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), or 12(b)(6); or in the alternative, for an order transferring this action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1404 and 1406(a). Based on the conclusions set forth below, the motion to stay is granted.

The parties in this case have participated in a number of construction projects, alternating roles as the subcontractor and subcontractee. Disputes arose regarding payment and performance with respect to two of those projects – the Alexandria Project and the NFIC Project – and in response, the parties have brought actions in both Pennsylvania and New York, thereby obfuscating the locus of the resolution of this relatively routine commercial dispute. The determination of the instant motions will hopefully lead to an ultimate resolution of the case.

1

**The Parties**

Pabco is a drywall and carpentry company headquartered in Farmingdale, New York that specializes in millwork installation. Pabco Mem.[1] at 1.

Allegheny is a millwork fabricator and supplier based in Pittsburgh, Pennsylvania that routinely subcontracts with companies such as Pabco to provide installation services for the materials that Allegheny produces. Id.

**Prior Proceedings**

On November 30, 2010, Allegheny filed a notice of mechanic's lien with the Clerk of the County of New York in connection with the NFIC Project (in which Allegheny was a subcontractor to Pabco), after Pabco withheld payment from Allegheny due a dispute over the parties' contractual duties.

---

[1] Pabco's opposition brief, which is styled: Memorandum of Law in Opposition to Motion of Defendants Allegheny Millwork (PBT) and Great American Ins. Co. to Dismiss and/or to Stay this Action Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3) or 12(b)(6), or Alternatively, to Transfer the Venue of this Action Pursuant to 28 U.S.C. §§ 1404 or 1406(a)), will be referred to herein as "Pabco Mem."

2

Pabco's surety, Fidelity and Deposit Company of Maryland, filed a lien discharge bond.

Also on December 2, 2012, Pabco filed a notice of mechanic's lien with the Clerk of the County of New York in connection with the Alexandria Project (in which Pabco was a subcontractor to Allegheny), after Allegheny withheld payment from Pabco due to a dispute over the parties' contractual duties.  On December 23, 2010, Great American, Allegheny's surety, posted a mechanic's lien discharge bond.

On July 28, 2011, Allegheny commenced an action against Pabco in the Court of Common Pleas for Allegheny County, Pennsylvania (the "Pennsylvania Action"), alleging, *inter alia*, that Pabco had breached its contract with Allegheny governing work to be performed relating to the Alexandria Project (the "Alexandria Contract") and seeking a declaratory judgment regarding the rights of the parties with respect to the Alexandria Contract.  Pabco appeared in that action and filed several motions.  After the Court of Common Pleas rejected those motions, Pabco filed an answer to the complaint.

On September 23, 2012, Pabco commenced the instant action by filing a complaint in the Supreme Court of the State

3

of New York (the "New York state court") against Allegheny and Allegheny's surety, GA, alleging, *inter alia*, that Allegheny breached the Alexandria Contract, and seeking monetary damages as a result of that breach. On October 16, 2012, Allegheny removed the action to this Court, and shortly thereafter submitted the instant motion to dismiss, stay or transfer (the "Motion"). The Motion was heard and marked fully submitted on December 5, 2012.

**The Action Is Stayed**

The Defendants urge dismissal or stay of this action pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Under Colorado River, a district court may stay or dismiss a party's claims where (1) the relevant state and federal actions are "parallel" and (2) an evaluation of a six-factor test weighs in favor of a stay or abstention. DDR Constr. Servs., Inc. v. Siemens Indus., Inc., 770 F. Supp. 2d 627, 643-44 (S.D.N.Y. 2011) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983)).

"Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same

4

issue in another forum." Dittmer v. Cnty of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998) (quoting Day v. Union Mines Inc., 862 F.2d 652, 655 (7th Cir. 1998)). "Complete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation." GBA Contracting Corp. v. Fid. & Deposit Co. of Md., No. 00 Civ. 1333 (SHS), 2001 WL 11060, at *1 (S.D.N.Y. Jan. 4, 2001).

Here, this action and the Pennsylvania Action have substantially the same parties — Pabco and Allegheny — and concern substantially the same dispute — namely Pabco's right, if any, to damages under the Alexandria Contract. While the parties in the two actions are not strictly identical - Allegheny's surety, GA, is named as a defendant in this action but not in the Pennsylvania Action - this does not destroy the parallelism of the two actions, because "complete identity of parties is not required," GBA Contracting, 2001 WL 11060, at *1, in situations where, as here, "the main issue in the case is the subject of already pending litigation." Id. Moreover, while the two actions are certainly not carbon copies of each other - the Pennsylvania Action is being prosecuted by Allegheny seeking a declaratory judgment and deals with both the NFIC Project and the Alexandria Project, while this action is being prosecuted by

5

Pabco seeking monetary damages solely for work connected to the Alexandria Project – such absolute congruency is not necessary to support a finding of Colorado River parallelism, where, as here, "*substantially* the same parties are contemporaneously litigating *substantially* the same issue in another forum." Dittmer, 146 F.3d at 118 (emphasis added). Accordingly, this action and the Pennsylvania Action are parallel for Colorado River purposes.

Having determined that parallelism exists, the next step in the Colorado River analysis is to apply the six-factor test to determine if either abstaining from or staying the action is an appropriate course of action. DDR Const., 770 F. Supp. 2d at 644 n. 12. The six factors to be considered are: (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights. Woodford v. Cmty. Action Agency of Greene Cnty., Inc., 239 F.3d 517, 522 (2d Cir. 2001) (citing

6

Colorado River, 424 U.S. at 818; Moses H. Cone, 460 U.S. at 22, 23, 25-27)).

The first Colorado River factor addresses "whether the federal or state court has obtained jurisdiction over a res." Niagara Mohawk Power Corp. v. Hudson River-Black, 673 F.3d 84, 101 (2d Cir. 2012). In the complaint filed in New York state court, Pabco has asserted claims against Allegheny for breach of contract, account stated and quantum meruit, and a claim against GA on the mechanic's lien discharge bond. See Ex. A to Affirmation of Thomas M. Smith. Thus, while the claims asserted against Allegheny are *in personam* in nature, the cause of action against GA is *in rem*. See York Hunter Constr. Inc. v. Avalon Props., Inc., 104 F. Supp. 2d 211, 215 (S.D.N.Y. 2000). Since this Court has assumed jurisdiction over the res - i.e., the lien discharge bond - it enjoys "the exclusive authority to control and dispose of the res . . . ." Kline v. Burke Constr. Co., 260 U.S. 226, 235 (1922). Accordingly, this factor militates against abstention, but in favor of a stay. Abstention is clearly inappropriate because this Court has sole jurisdiction over the lien discharge bond. A stay, however, would permit the substantive contractual issues to be resolved by the court presiding over the Pennsylvania Action, while still maintaining this Court's jurisdiction over the bond so that, in

7

the event that Pabco is successful in establishing its rights
under the Alexandria Contract, it would be merely a procedural
exercise for this Court to grant judgment in Pabco's favor on
its the claim against GA.  See Worlock Paving Corp. v.
Camperlino, 222 A.D.2d 1097, 1097 (N.Y. App. Div. 1995) ("In
order for plaintiff to recover on the [lien discharge] bond, it
need only establish that it has a valid mechanic's lien.").

The second Colorado River factor addresses "whether
the federal forum is less inconvenient than the state forum for
the parties."  Id.  Here, the respective conveniences of the
federal and state fora appear to be in equipoise.  On the one
hand, Pennsylvania is convenient, because Pabco agreed to
litigate there,[2] and Allegheny's witnesses and documents are

_____

[2] The Alexandria Contract contained a forum selection clause
designating Allegheny County, Pennsylvania as the venue for any
dispute arising out of the contract.  See Affirmation of Thomas
M. Smith in Support of Motion ("Smith Aff.") ¶ 12.  Pabco
contends that the forum selection clause is voided by N.Y. Gen.
Bus. L. § 757 ("§757"), see Pabco Mem. at 17-18, but this
argument is unavailing.  The statute's plain language states
that it applies only to "construction contracts," and
specifically excludes from its reach "a contract with a material
supplier."  Id. at § 757(1).  The Alexandria Contract was a
"contract with a material supplier" since it contemplated
Allegheny supplying materials, i.e., millwork, for use in the
project.  See Pabco Mem. at 2 ("Allegheny's scope of work for
the Alexandria Project entailed the **supply** and installation of
wood wall panels . . .) (emphasis added); Smith Aff. Ex. B.

located at its corporate headquarters in Lawrence, Pennsylvania. However, New York is home to Pabco's headquarters, see Pabco Mem. at 13, and Allegheny has evinced no compunction about litigating in New York, as evidenced by its filing of a complaint arising from the dispute over the NFIC Project in New York state court. Pabco Mem. at 6. As such, this factor is neutral.

The third Colorado River factor evaluates whether an abstention or stay will avoid "piecemeal litigation." Niagara, 673 F.3d at 102. This factor is of "paramount consideration" in the Colorado River analysis. Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 210 (2d Cir. 1985). As the Second Circuit has noted, "[t]he existence of such concurrent proceedings creates the serious potential for spawning an unseemly race to see which forum can resolve the same issues first [which would be] prejudicial, to say the least, to the possibility of reasoned decision-making by either forum." Arkwright-Boston, 762 F.2d at 211 (quoting Ariz. v. San Carlos Apache Tribe of Ariz., 463 U.S. 545 (1983)). Where, as here, the "linchpin" of this action is essentially the same issue at the core of the state action, there is a "strong

---

Accordingly, the forum selection clause in the Alexandria Contract is not voided by §757.

likelihood of needless duplication of the state proceeding" should both actions move forward simultaneously. Inn Chu Trading Co., Ltd. v. Sara Lee Corp., 810 F. Supp. 501, 508 (S.D.N.Y. 1992). Accordingly, this factor weighs in favor of abstention or a stay.

The fourth Colorado River factor looks at the order in which jurisdiction was obtained over each action, as well as the progress made in each. Niagara, 673 F.3d at 102. In terms of priority of filing, the Pennsylvania Action was filed in July 2011, more than a year prior to the inception of this action in September 2012. In addition, the Pennsylvania Action has seen considerable motion practice, including a motion to stay the action that was denied, see Smith Aff. Ex. E., and Pabco has already filed its answer to the complaint, see Smith Aff. Ex. F. In this action, in contrast the instant motion is the only substantive activity to date. Thus, this factor weighs strongly in favor of a stay or abstention.

The fifth Colorado River factor examines "what law – state, federal or foreign – provides the rule of decision in the case." Niagara, 673 F.3d at 102. This case involves claims arising from a contract whose terms expressly state that it is to be interpreted under Pennsylvania law, see Smith Aff. Ex. B,

10

Standard Form of Subcontract Agreement at p. 8, so this factor weighs in favor of a stay or abstention.

The sixth and final Colorado River factor considers "whether the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." Moses H. Cone, 460 U.S. at 28. Thus, "the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." Id. Here, a resolution of the Pennsylvania Action would indeed leave this Court with "nothing further to do in resolving any *substantive* part of the case," id. (emphasis added), because presumably such a resolution would determine whether or not Pabco is entitled to the damages arising from the Alexandria Contract that it is seeking in this action.

As Pabco notes, due to the presence of GA as a defendant in this action but not in the Pennsylvania Action, the Pennsylvania Action cannot be a complete and perfect substitute for this one. See Pabco Mem. at 16. However, once there is a decision in the Pennsylvania Action as to Pabco's and Allegheny's respective rights under the Alexandria Contract, only procedural issues would remain for this Court to attend to,

11

as all of the substantive issues implicated in this case would presumably be subject to res judicata based upon the decisions of the Court of Common Pleas. See Worlock, 222 A.D.2d at 1097. Accordingly, while this factor militates strongly *against* full abstention, it militates just as strongly *in favor of* a stay.

While "'[a]bdication of the obligation to decide cases can be justified . . . only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest,'" Colorado River, 424 U.S. at 813 (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959)), such an interest — namely, the Federal Judiciary's concern with the "'conservation of judicial resources and comprehensive disposition of litigation,'" Colorado River, 424 U.S. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1975)) - would be well-served in this case by staying the federal suit pending resolution of the Pennsylvania Action. Weighing this interest and the six Colorado River factors enumerated above, it is evident that a stay of the federal action in favor of the concurrent state action is appropriate in this case.[3]

---

[3] Because Allegheny's request for a stay is granted, there is no need to reach its alternative request for a transfer of venue.

12

## Conclusion

Upon the conclusions set forth above, Allegheny's motion is granted and this action is stayed pending the resolution of the Pennsylvania Action. Discovery in the Pennsylvania Action will be admissible in this action should the stay be dissolved, and leave it granted to apply for such a dissolution should the circumstances warrant.

New York, NY
April 10, 2013

_____
ROBERT W. SWEET
U.S.D.J.

---

Cf. Fiedler v. First City Nat'l Bank Houston, No. 85 Civ. 8911 (RWS), 1986 WL 6003, at *5 (S.D.N.Y. May 16, 1986).

13